811 F.2d 604
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Myrtle BYRD (Widow of Herman T. Byrd), Petitioner-Appellant
v.
BENEFITS REVIEW BOARD; Director Office of Worker's
Compensation Programs, United States Department of
Labor, Respondents-Appellees.
 No. 86-3001.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1986.
 
 Before KEITH, MERRITT and JONES, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this case arising under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 (1982), plaintiff Myrtle Byrd, widow of miner Herman Byrd, appeals from the Benefits Review Board's denial of benefits. The main issue in this case is whether the administrative law judge's finding that Herman Byrd did not suffer from pneumoconiosis is supported by substantial evidence, thereby rebutting any presumption of entitlement contained in the Act or the regulations promulgated thereunder.
 
 
 2
 Herman Byrd filed an application for benefits under the Act with the Social Security Administration on May 21, 1973. The claim was denied on October 4, 1973. The claimant elected to have his claim reviewed by the Social Security Administration on June 28, 1978 pursuant to the Black Lung Benefits Reform Act of 1977.
 
 
 3
 Herman Byrd died on March 14, 1980, and the claim was pursued by his widow, Myrtle Byrd. After the claim was denied by the Department of Labor, the claim was referred to the Office of Administrative Law Judges, pursuant to Myrtle Byrd's request. Following a hearing on November 1, 1982, Administrative Law Judge James L. Guill concluded that Myrtle Byrd was ineligible for black lung benefits on behalf of her deceased husband. Myrtle Byrd filed a motion for reconsideration with the ALJ and included a new medical opinion, and the ALJ again denied benefits on June 22, 1983. The Benefits Review Board approved this decision on November 12, 1985.
 
 
 4
 The Black Lung Benefits Act establishes a rebuttable presumption of entitlement pursuant to 30 U.S.C. Sec. 921(c)(4) (1982) which provides in pertinent part:
 
 
 5
 If a miner was employed for fifteen years or more in one or more underground coal mines, and if there is a chest roentgenogram submitted in connection with such miner's, his widow's ... or his dependent's claim under this subchapter and it is interpreted as negative with respect to the requirements of paragraph (3) of this subsection [relating to showing of chronic dust disease], and if other evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment, then there will be a rebuttable presumption that such miner is totally disabled due to pneumoconiosis, that his death was due to pneumoconiosis, or that at the time of his death he was totally disabled by pneumoconiosis.
 
 
 6
 (Emphasis added.) For the implementing regulations, see 20 C.F.R. Sec. 410.414(b)(1) (1986). See also 20 C.F.R. Sec. 727.203(a)(4) (1986).
 
 
 7
 The presumption established under Section 921(c)(4) can be rebutted "only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine." 30 U.S.C. Sec. 921(c)(4) (1982). See also 20 C.F.R. Sec. 410.414(b)(2) (1986). 20 C.F.R. Sec. 727.203(b)(4) (1986).
 
 
 8
 Herman Byrd began working in coal mine employment in 1933 and continued until 1961. The ALJ found that Herman Byrd worked in coal mine employment for over 20 years and was therefore entitled to the rebuttable presumption of pneumoconiosis. After leaving coal mine employment, Herman Byrd worked as a carpenter from March 1962 until November 1979.
 
 
 9
 Herman Byrd was hospitalized from December 31, 1979 until January 4, 1980. The miner was admitted complaining of chest pain, blood in his sputum, and shortness of breath. He was discharged on January 4, 1980 with a final diagnosis of "[c]arcinoma of the lung, metastic squamous cell, primary right lung, stage III." Herman Byrd died on March 14, 1980. His death certificate listed the cause of death as respiratory arrest due to bronchogenic carcinoma.
 
 
 10
 We have reviewed the medical records, testimony and decisions below. For the reasons stated by the Benefits Review Board, we conclude that there is substantial evidence for the findings of the ALJ rebutting the presumption of pneumoconiosis. In addition, we have reviewed the additional medical report by Dr. Bernard Master and the response thereto in a supplemental decision by the ALJ dated June 22, 1983. We agree with the Benefits Review Board that the ALJ's determination that this additional report could be considered an untimely submission was within the discretion of the ALJ, and therefore the ALJ's refusal to consider it does not suggest that the ALJ acted in an arbitrary and capricious manner.
 
 
 11
 Accordingly, the judgment of the Benefits Review Board is affirmed.